1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH BROOKS,

11            Plaintiff,                         No. 2:12-cv-1466-GEB-EFB PS

12        vs.

13   VALLEJO CITY UNIFIED SCHOOL
     DISTRICT, et al.,                           FINDINGS & RECOMMENDATIONS
14
              Defendants.
15   _____/

16        This fee-paid case, in which plaintiff is proceeding pro se, is before the undersigned

17   pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

18   Defendants  Ramona E. Bishop, Richard J. Damelio, Raymond Victor Mommsen, Alana J.

19   Shackelford, Ward Ace Stewart, Tony Ublade, Vallejo City Unified School District, Adrienne

20   Waterman, and Hazel Wilson (the "City defendants"), move to dismiss plaintiff's first amended

21   complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule")

22   12(b)(6) and/or for a more definite statement pursuant to Rule 12(e).  Dckt. No. 7.  Defendant

23   Dannis Wolliver Kelly joins in that motion and also separately moves to dismiss, to strike,

24   and/or motion for a more definite statement.  Dckt. Nos. 14, 16.  The City defendants also move

25   for sanctions pursuant to Rule 11.  Dckt. No. 10.  For the reasons stated herein, the court

26   recommends that the motions to dismiss be granted and the motion for sanctions be denied.

1

I.      BACKGROUND

Plaintiff's amended complaint, which is brought pursuant to 42 U.S.C. § 1983, alleges

that defendants violated his right to equal protection under the Fourteenth Amendment and his

right to free speech under the First Amendment.  First Am. Compl. ("FAC"), Dckt. No. 5, at 2:9-

14.[1]  Plaintiff alleges that defendants "discriminated against the rights of Plaintiff as an

individual based on perception of skin color and of him as a member of a black race or African-

American" or, in the alternative, "discriminated against Plaintiff as an individual in a class of

one."  *Id.* at 3:10-13.  He contends that he was denied the right "of equal protection of State law

to inspect public records in the [Vallejo Unified School District's] files according to the

[California Public Records Act, Cal. Govt. Code §§ 6250, *et seq.* ("CPRA")], the right of due

process, and the rights of free speech," and that he was denied "the right to inspect public

records in the files of the District . . . during business hours according to provisions of the

CPRA."  *Id.* at 3:14-20; *see also id.* at 8:3-7, 8:15-22, 11:24-28, 12:9-16, 14:22-26, 15:5-12,

17:15-19, 18:1-7, 20:24-28, 21:8-14, 23:18-22, 24:3-10, 26:18-22.  He contends that defendants

applied a "special policy" to plaintiff's CPRA requests only, whereby he was provided no access

or less access than the minimum CPRA requirements.  *Id.* at 3:21-27; *id.* at 7:8-26.  He contends

this caused him "much emotional distress and physical harm."  *Id.* at 7:8.  Accordingly, plaintiff

alleges seven separate claims for a conspiracy by defendants to violate his right to equal

protection in connection with CPRA requests that plaintiff submitted on August 22, 2011,

September 20, 2011, November 2, 2011, February 15, 2012, and March 5, 2012.  *See generally*

*id.*  Plaintiff seeks monetary damages against defendants.  *Id.* at 26-29.

////

////

---

[1] Because plaintiff re-starts the numbering of his paragraphs under each cause of action in his first amended complaint, the court will reference page and line numbers instead of paragraph numbers.

1   Defendants now move to dismiss plaintiff's first amended complaint pursuant to Federal

2   Rule of Civil Procedure 12(b)(6).[2]  Dckt. Nos. 7, 14, 16.  Plaintiff opposes the motions.  Dckt.

3   Nos. 19, 20, 22.  The City defendants also move for sanctions under Rule 11, Dckt. No. 10,

4   which plaintiff opposes, Dckt. No. 21.

5   II.   MOTION TO DISMISS

6       A.   Rule 12(b)(6) Standards

7       To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

8   must contain more than a "formulaic recitation of the elements of a cause of action"; it must

9   contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell*

10  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more

11  . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

12  action."  *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp.

13  235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true,

14  to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 129 S. Ct. 1937, 1949

15  (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when plaintiff

16  pleads factual content that allows the court to draw the reasonable inference that the defendant is

17  liable for the misconduct alleged."  *Id.*  Dismissal is appropriate based either on the lack of

18  cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

19  theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

20  In considering a motion to dismiss, the court must accept as true the allegations of the

21  complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

22  the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

23  in the pleader's favor.  *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

24  (1969).  The court will "presume that general allegations embrace those specific facts that are

25

26      [2] Because plaintiff's entire amended complaint will be dismissed without leave to amend, defendants' motion for a more definite statement and motion to strike need not be addressed.

3

1  necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

2  (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

3      Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

4  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

5  1985).  However, the courts liberal interpretation of a pro se litigant's pleading may not supply

6  essential elements of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.

7  1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

8  Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual

9  allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v.*

10  *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept

11  unreasonable inferences, or unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643

12  F.2d 618, 624 (9th Cir. 1981).

13      In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established

14  by exhibits attached to the complaint.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th

15  Cir. 1987).  The court may also consider facts which may be judicially noticed, *Mullis v. U.S.*

16  *Bankr. Ct.*, 828 F.2d at 1338, and matters of public record, including pleadings, orders, and other

17  papers filed with the court.  *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir.

18  1986).

19      B.   Plaintiff's Claims

20      Defendants move to dismiss plaintiff's entire first amended complaint without leave to

21  amend.  Defendants argue that: (1) § 1983 does not apply to alleged violations of rights of access

22  to government information; (2) plaintiff fails to plead facts demonstrating deprivation of a

23  federally protected right; (3) plaintiff's exclusive remedy for alleged violations of the CPRA is

24  under California Government Code sections 6258 and 6259; (4) the *Noerr-Pennington* immunity

25  doctrine bars plaintiff's claims because defendants' alleged conduct is protected under the First

26  Amendment; (5) the lawsuit is based on protected speech of responding to CPRA requests; (6)

4

1    plaintiff's allegations and the documents incorporated by reference demonstrate that the

2    communications were connected to litigation; (7) defendants are entitled to qualified immunity;

3    (8) plaintiff fails to plead sufficient facts to support a claim based on conspiracy; (9) plaintiff

4    fails to plead sufficient facts supporting liability as to the school district individual defendants;

5    (10) the school district's board members are absolutely immune from liability for any legislative

6    conduct; (11) all claims against individuals in their official capacity should be dismissed; (12)

7    contrary to plaintiff's allegations, the CPRA does not prohibit retaining an attorney to respond to

8    requests; and (13) plaintiff's request for punitive damages should be dismissed.  Dckt. No. 7 at

9    2-3; *see also* Dckt. Nos. 14, 16.[3]

10        Plaintiff previously filed a similar action in this court against many of the same

11   defendants he sues in this action.  *See Brooks v. Vallejo City Unified Sch. Dist., et al.*, 2:09-cv-

12   1815-MCE-JFM.  In that action, plaintiff also alleged violations of his rights to free speech and

13   due process; however, the court found that the action was based primarily on the CPRA.  *Id.*,

14   Dckt. Nos. 1, 13, 41, 47.  Plaintiff alleged he was entitled to certain public records and that the

15   district has an affirmative duty to announce information about settlement agreements it enters

16   into.  *Id.*  Plaintiff also attempted to challenge two specific settlement agreements entered into by

17   defendants.  He further claimed that various actions by the defendants in connection with

18   plaintiff's efforts to obtain those documents caused him extreme emotional distress.  *Id.*

19        The district court dismissed plaintiff's earlier action, finding that plaintiff failed to state a

20   civil rights claim under 42 U.S.C. § 1983 "because there is no constitutional right to access

21   government records."  *Id.,* Dckt. No. 41 (findings and recommendations), Dckt. No. 47 (order

22   adopting findings and recommendations in full), Dckt. No. 59 (Ninth Circuit order summarily

23   affirming district court opinion).

24   ////

25

26        [3] Page number citations such as this one are to the page number reflected on the court's
     CM/ECF system and not to page numbers assigned by the parties.

1    The court stated, in part:

2    "Neither the First Amendment nor the Fourteenth Amendment mandates a right of
     access to government information or sources of information within the
3    government's control." *Houchins v. KQED*, 438 U.S. 1 (1978).

4    Plaintiff's exclusive remedy under the CPRA is to file a writ of mandamus in
     state court, which he has already done.[4]  Cal. Govt. Code § 6258.[5]  The CPRA
5    expressly prohibits recovery of damages from public employees.  Cal. Govt. Code
     § 6259(d).[10]

6

7    *Id.*, Dckt. No. 41 at 5-6.  In affirming the district court's dismissal of the action without leave to

8    amend, the Ninth Circuit stated: "A review of the record and the opening brief indicates that the

9    questions raised in appeal No. 09-17768 are so insubstantial as not to require further argument.

10   *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (per curiam) (stating standard);

11   *see also Houchins v. KQED.*, 438 U.S. 1 (1978) (stating that "[n]either the First Amendment nor

12   the Fourteenth Amendment mandates a right of access to government information or sources of

13   information within the government's control.")."  *Id.*, Dckt. No. 59.

14        Plaintiff now once again attempts to challenge defendants' responses to plaintiff's CPRA

15   requests via a civil rights action pursuant to 42 U.S.C. § 1983.  Each claim in plaintiff's first

16   amended complaint herein is brought under § 1983 for alleged violations of his rights to access

17

18        [4] Plaintiff filed two petitions for writ of mandamus in the Solano County Superior Court
     on March 24, 2009: Case Nos. FCS033172 and FCS033174. (August 24, 2009 Request, Exs. A
19   & B.)  Defendants' request to take judicial notice of those petitions is granted.

20        [5] California Government Code § 6258 provides: "Any person may institute proceedings
     for injunctive or declarative relief or writ of mandate in any court of competent jurisdiction to
21   enforce his or her right to inspect or to receive a copy of any public record or class of public
     records under this chapter. The times for responsive pleadings and for hearings in these
22   proceedings shall be set by the judge of the court with the object of securing a decision as to
     these matters at the earliest possible time." *Id.*
23

24        [10] Section 6259(d) provides: "The court shall award court costs and reasonable attorney
     fees to the plaintiff should the plaintiff prevail in litigation filed pursuant to this section. The
     costs and fees shall be paid by the public agency of which the public official is a member or
25   employee and shall not become a personal liability of the public official. If the court finds that
     the plaintiff's case is clearly frivolous, it shall award court costs and reasonable attorney fees to
26   the public agency." Cal. Gov't Code § 6259(d).

6

1   government records under the CPRA.[11]   However, as this court and the Ninth Circuit instructed

2   plaintiff in his earlier action, "[n]either the First Amendment nor the Fourteenth Amendment

3   mandates a right of access to government information or sources of information within the

4   government's control."  *Houchins*, 438 U.S. at 15.  The exclusive remedy for challenges under

5   the CPRA is to file a writ of mandamus in state court and money damages are not an available

6   remedy.  Cal. Gov't Code §§ 6258, 6259(d).  Therefore, because plaintiff's entire first amended

7   complaint is premised on defendants' alleged denial of his First and Fourteenth Amendment

8   rights to access the information he sought under the CPRA, and neither of those amendments

9   provides such a right, this action should be dismissed in its entirety without leave to amend.[12]

10   *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a

11   pro se plaintiff to amend, leave to amend should not be granted where it appears amendment

12   would be futile).

13   III.   MOTION FOR SANCTIONS

14        The City defendants also move for sanctions pursuant to Rule 11, arguing that (1) the

15   entire lawsuit is frivolous, harassing, and was brought to needlessly increase the costs of

16   litigation; (2) plaintiff was personally aware that this lawsuit was not warranted by law or by

17   nonfrivolous argument; and (3) defendants are entitled to their attorney's fees.  Dckt. No. 10 at 3.

18   ////

19

20       [11] Although plaintiff couches his claims as both a conspiracy and a violation of his right
to equal protection, arguing that defendants applied a "special policy" to him with regard to
CPRA requests, plaintiff alleges no facts in his first amended complaint that would support a

21   plausible right to relief under either of those theories.  Moreover, plaintiff does not address either
of those purported claims in his oppositions to the motions to dismiss and has abandoned those

22   claims in his proposed second amended complaints.  *See generally* Dckt. Nos. 19, 20, 22; *see
also* Dckt. No. 19-2 at 21, Dckt. No. 20-2 at 17.  Additionally, although plaintiff argues in his

23   oppositions to the motions that defendants retaliated against him in violation of the First
Amendment, neither his first amended complaint nor his purported second amended complaint

24   alleges a plausible right to relief under such a theory.

25       [12] Neither of the purported second amended complaints that plaintiff attached to his
oppositions to the City defendants' motion to dismiss, Dckt. No. 19-2 at 21 and Dckt. No. 20-2

26   at 17, cures the defects addressed herein.

1     "Rule 11 requires the imposition of sanctions when a motion is frivolous, legally

2   unreasonable, or without factual foundation, or is brought for an improper purpose." *Conn v.*

3   *Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992).  "The central purpose of Rule 11 is to deter

4   baseless filings." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971

5   F.2d 244, 254 (9th Cir. 1992) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)).

6   An "improper purpose" is a purpose to "harass or to cause unnecessary delay or needless

7   increase in the cost of litigation."  Fed. R. Civ. P. 11(b)(1).  The test for improper purpose is an

8   objective one.  *G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).  A Rule

9   11 motion for sanctions "must not be filed or be presented to the court if the challenged paper,

10   claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after

11   service or within another time the court sets."  Fed. R. Civ. P. 11.

12     Here, the City defendants served plaintiff with their motion for Rule 11 sanctions on June

13   27, 2012, and did not file the motion until July 24, 2012.  Dckt. No. 10 at 4.  Therefore,

14   defendants properly complied with the safe harbor provision set forth in Rule 11.  Furthermore,

15   even pro se litigants are held to a standard of reasonableness under Rule 11.  Nonetheless, the

16   court cannot ignore entirely plaintiff's pro se status in the context of a motion for sanctions.

17   "Although Rule 11 applies to pro se plaintiffs, the court must take into account a plaintiff's pro se

18   status when it determines whether the filing was reasonable." *Warren v. Guelker*, 29 F.3d 1386,

19   1390 (9th Cir. 1994).  The reasonableness standard is an objective one, but the court must

20   nonetheless take into account a litigant's pro se status in exercising its discretion.  *See Business*

21   *Guides, Inc. v. Chromatic Communications Enters., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989).

22   "[W]hat is objectively reasonable for a pro se litigant and for an attorney may not be the same."

23   *Id.*  Here, although plaintiff's complaint in this action is barred for the same reasons as his 2009

24   action filed in this court, the allegations in the two actions are not identical.  Thus, the court

25   cannot say that plaintiff knew or should have known that his current action was wholly without

26   merit nor can the court say that it was brought in bad faith or for an improper purpose.

1      Therefore, it is recommended that the City defendants' motion for Rule 11 sanctions be

2  denied.[13]

3  IV.    CONCLUSION

4      Accordingly, IT IS HEREBY RECOMMENDED that:

5      1.  Defendants' motions to dismiss, Dckt. Nos. 7 and 16, be granted;

6      2.  This case be dismissed in its entirety without leave to amend;

7      3.  The City defendants' motion for sanctions, Dckt. No. 10, be denied; and

8      4.  The Clerk directed to close this case.

9      These findings and recommendations are submitted to the United States District Judge

10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11 after being served with these findings and recommendations, any party may file written

12 objections with the court and serve a copy on all parties.  Such a document should be captioned

13 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

14 within the specified time may waive the right to appeal the District Court's order. *Turner v.*

15 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

16 DATED:  March 11, 2013.

17

18      EDMUND F. BRENNAN
        UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25      [13] Plaintiff is admonished, however, that he may be subject to future sanctions (monetary
   or otherwise) if he continues to file pleadings raising the same theories the court has already
26 rejected.

9